IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08CR131-LG-RHW |
| | § | |
| MAURICE HAMMOND | § | |

## ORDER DENYING MOTION FOR
## ACQUITTAL AND MOTION FOR NEW TRIAL

**BEFORE THE COURT** are the defendant's Motion for Judgment of Acquittal [58] and Motion for New Trial [59]. The Government has responded to the Motions, but the defendant did not file replies in support of the Motions. Upon reviewing the submissions of the parties, the testimony given at trial, and the applicable law, the Court finds that the defendant's Motions should be denied.

### DISCUSSION

On May 15, 2009, a jury found the defendant guilty of one count of filing a false a false claim with a Government Agency in violation of 18 U.S.C. § 287, two counts of making a false statement to a Government agency in violation of 18 U.S.C. § 1001, one count of stealing Government funds in violation of 18 U.S.C. § 641, and four counts of wire fraud in violation of 18 U.S.C. § 1343. The charges against the defendant arose out of claims for disaster assistance that he filed with the Federal Emergency Management Agency and the Small Business Administration in which he claimed that his primary residence at the time of Hurricane Katrina was 118 North Hughes Street, Poplarville, Mississippi.

**A. Motion for Judgment of Acquittal:**

In his Motion for Judgment of Acquittal, the defendant argues that this Court should

reverse his conviction and dismiss the charges against him, because the Government failed to prove that he did not live at the Hughes Street address when Hurricane Katrina struck. He also argues that the Government failed to produce exculpatory and/or inculpatory evidence prior to trial.

"In evaluating whether the evidence at trial is sufficient to support a jury conviction, this Court examines whether a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Armstrong*, 550 F.3d 382, 388 (5th Cir. 2008). When reviewing the evidence, all reasonable inferences are drawn in favor of the jury's verdict. *Armstrong*, 550 F.3d at 388.

After a thorough review of the record in this case, the Court finds that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that the defendant misrepresented that his primary residence was 118 North Hughes Street, Poplarville, Mississippi, when Hurricane Katrina struck. For example, the defendant listed another address as his pre-Katrina address when he sought assistance from the American Red Cross. There was also evidence and testimony that there were no utilities at the North Hughes Street address prior to the storm. In addition, the defendant had not informed his employer, the Poplarville Police Department, that he had moved to the North Hughes address before the storm. Furthermore, the Court finds that the Government demonstrated beyond a reasonable doubt that the misrepresentations made to the SBA and FEMA regarding his primary residence were material to his claims for benefits.

As for the defendant's argument that evidence was not provided to him, the Court

instructed the Government on multiple occasions to review its files and ensure that all exculpatory and discoverable materials were provided to the defendant. The Government has represented to the Court that it has complied with this Court's discovery order. Furthermore, the defendant has not identified any exculpatory evidence that has not been produced to him. As a result, the Court finds that the defendant's Motion for Judgment of Acquittal must be denied.

**B.  Motion for New Trial**

The defendant argues that he is entitled to a new trial because the jury's verdict was against the great weight of the evidence. He once again argues that the Government withheld evidence, and he argues that this Court erred in refusing to grant the defendant's request for jury instructions defining "domicile." He also contends that this Court erred in denying his Motion to Dismiss counts 1 and 2 of the indictment as multiplicitous. Finally, he makes conclusory statements that this Court erred in overruling objections made by the defendant and sustaining objections made by the Government.

Rule 33 of the Federal Rules of Criminal Procedure provides that a Court may vacate a judgment and grant a new trial "if the interest of justice so requires." Motions for new trial are not favored, and are only granted in exceptional cases. *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997); *United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005). A "district court must carefully weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial, but must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). The court may not grant a new trial "unless the evidence preponderates heavily against the verdict such that

it would be a miscarriage of justice to let the verdict stand." *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006).

As explained *supra*, there was sufficient evidence to warrant a guilty verdict in the present case. Additionally, this Court did not err in refusing jury instructions that defined "domicile." The proposed instructions would have confused the jury, because primary residence, not domicile, was at issue in this case. Furthermore, the defendant has not explained how this Court erred in sustaining or overruling any objections made in the case, and after a review of the record, the Court has not located any erroneous rulings on objections. Finally, this Court has once again reviewed the Motion to Dismiss filed by the defendant and has determined that the Motion was properly denied. As a result, the defendant has not demonstrated that he is entitled to a new trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's Motion for Judgment of Acquittal [58] and Motion for New Trial [59] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge