IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO.1:08cr131-LG-RHW

MAURICE HAMMOND

## PRELIMINARY ORDER OF FORFEITURE

On May 15, 2009, defendant MAURICE HAMMOND, was found guilty by a jury of

Counts 1 through 8 of the Indictment filed in the above styled cause.

IT IS HEREBY ORDERED THAT:

1.   As a result of the jury conviction on Counts 1 through 8 of the Indictment, for which the

Government sought forfeiture pursuant to Section 981(a)(1)(C), Title 18, United States Code, and

Section 2461(c), Title 28, United States Code, the defendant, MAURICE HAMMOND, shall forfeit

to the United States all property constituting, or derived from proceeds the defendant obtained

directly or indirectly, as the result of such violations.

2.    Based on the evidence at the trial and the allegations included in the government's

motion, the Court finds that the following property is subject to forfeiture pursuant to Section

981(a)(1)(C), Title 18, United States Code, and Section 2461(c), Title 28, United States Code, and

Rule 32.2 of the Federal Rules of Criminal Procedure; that the defendant has an interest in such

property; and that the Government has established the requisite nexus between such property and

such offense. Therefore the Court finds that the property described below shall be forfeited to the

United States:

## MONEY JUDGMENT

A sum of money equal to **$19,514.14** in United States currency, representing the
amount of proceeds obtained as a result of the said offenses.

3.    The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.  No such notice is required to the extent that this Order consists solely of a money judgment against the defendant.  Rule 32.2(c)(1).

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment.

5.   If this preliminary order becomes the Final Order of Forfeiture, it shall be enrolled in all appropriate Judgment Rolls.

6.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge