IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08CR131-LG-RHW |
| | § | |
| MAURICE HAMMOND | § | |

**ORDER DENYING DEFENDANT'S MOTIONS FOR
RELEASE ON BOND PENDING APPEAL**

**BEFORE THE COURT** are the Motion for Release on Bond Pending Appeal [80] and the Amended Motion to Allow Defendant to be Released Pending Appeal [82], which were filed by the defendant, Maurice Hammond. The Government has filed a response opposing the Motions. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motions should be denied.

## FACTS

The charges against Hammond arose out of disaster assistance claims that he filed with the Federal Emergency Management Agency and the Small Business Administration. In support of those claims, he stated that his primary residence at the time of Hurricane Katrina was 118 North Hughes Street, Poplarville, Mississippi, but the Government later discovered that no utilities were in use at that address prior to the storm. On May 15, 2009, a jury found Hammond guilty of one count of filing a false claim with a Government agency in violation of 18 U.S.C. § 287, two counts of making a false statement to a Government agency in violation of 18 U.S.C. § 1001, one count of stealing Government funds in violation of 18 U.S.C. § 641, and four counts of wire fraud in violation of 18 U.S.C. § 1343. Hammond was sentenced to thirty months imprisonment and three years supervised release.

## DISCUSSION

"A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). "[A]ny putative right to bail derives from 18 U.S.C. §3143, which 'establishes a presumption against' its being granted." *Olis*, 450 F.3d at 585. Section 3143(b) provides that a convicted and sentenced defendant shall be detained, unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143. The defendant must establish the § 3143(b) factors with respect to all the counts for which imprisonment was imposed. *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985).

The Government does not contend that Hammond is likely to flee or pose a danger to the safety of others. Additionally, there is no assertion that Hammond's appeal was filed for the purpose of delay. As a result, the only issue before the Court is whether Hammond has raised a substantial question of law or fact that will likely result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence that is less than the total of the time already served plus the expected duration of the appeal. A substantial question is one that is "close" or "that could very well be decided the other way" by the appellate court. *United States*

*v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (quoting *Valera-Elizondo*, 761 F.2d at 1024).

Hammond first argues that this Court erred in denying Hammond's Motion for Acquittal, because none of the witnesses at trial testified that Hammond did not live at 118 N. Hughes Street prior to Hurricane Katrina. "In evaluating whether the evidence at trial is sufficient to support a jury conviction, this Court examines whether a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Armstrong*, 550 F.3d 382, 388 (5th Cir. 2008). When reviewing the evidence, all reasonable inferences are drawn in favor of the jury's verdict. *Armstrong*, 550 F.3d at 388. The Government demonstrated beyond a reasonable doubt that Hammond did not live at the Hughes Street address by showing that there were no utilities at the address and that Hammond himself had listed another address as his pre-Katrina address in Red Cross paperwork. Therefore, the denial of the Motion for Acquittal does not justify granting bond in this case.

Hammond next argues that this Court erred by failing to instruct the jury on the definition of "domicile." As this Court has previously held, the proposed instructions would have confused the jury, because domicile was not at issue in this case. The jury was more than capable of determining whether Hammond lived at the Hughes Street address prior to Katrina without a definition. Thus, the denial of the domicile instruction does not create a substantial question in this case.

In addition, Hammond asserts that this Court erred by calculating the fraud loss amount, because the $10,000 that Hammond unsuccessfully attempted to obtain from the Small Business Administration was considered by the Court. However, the intended loss, not the actual loss, is

relevant to the calculation of the fraud loss amount. *United States v. Mauskar*, 557 F.3d 219, 233 (5th Cir. 2009); *United States v. Morris*, No. 08-20805, 2009 WL 2957411 at *1 (5th Cir. Sept. 15, 2009)(citing U.S.S.G. § 2B1.1, comment (n.3(A)(ii)). Therefore, this issue does not present a substantial question.

Hammond also argues that this Court erred by imposing a two level increase in the sentencing guideline range for obstruction of justice and by denying Hammond's Motion for a Below Guideline Sentence. These arguments are without merit. Hammond testified at trial that he lived at the Hughes Street address prior to Katrina, but the jury found beyond a reasonable doubt that Hammond did not live at the address. Thus, the obstruction of justice increase was warranted. As for the argument that Hammond was entitled to a below guideline sentence because he did not use the money to fix up a vacation or investment property, Hammond was found guilty of taking almost thirty thousand dollars from the Government following a natural disaster. Thus, he has not demonstrated that he is entitled to a below guideline sentence.

The denial of Hammond's Motion for Discovery, which sought to uncover the identity of the person that initiated the investigation against Hammond, likewise does not create a substantial question. Hammond has not demonstrated that the identity of any person that may have initiated the investigation against him was relevant to this case, and there is no indication that the Government failed to provide Hammond with all discoverable materials prior to trial.

Hammond also argues that the disparity between his sentence and that of another public official creates a substantial question. However, Hammond was convicted by a jury of eight counts of fraud and of taking almost thirty thousand dollars from the Government, while the other official pled guilty to only one count of fraud and to taking less than ten thousand dollars.

The other official accepted responsibility for the crime and admitted his guilt, while Hammond gave false testimony that enhanced his sentence. Therefore, the disparity between the sentences does not create a substantial question.

Finally, Hammond argues that the Court erred in considering Hammond's position as a police officer when determining his sentence. Although the Court was considering Hammond's position when analyzing the factors set forth at 18 U.S.C. §3553 rather than §3B1.3 U.S.S.G, the Court finds that this issue presents a close question. However, Hammond admits that this factor only caused a six-month increase in his sentence, and as a result, there is no danger of a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Therefore, Hammond's Motions must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Release on Bond Pending Appeal [80] and the Amended Motion to Allow Defendant to be Released Pending Appeal [82] which were filed by the defendant, Maurice Hammond, are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE